IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CAROL ANN AGSTER, personal representative of the Estate of CHARLES J. AGSTER, III, deceased; CHARLES J. AGSTER, JR., and CAROL ANN AGSTER, surviving parents of CHARLES J. AGSTER, III,<br><br>            Plaintiffs,<br><br>vs.<br><br>Betty Lewis, et al.,<br><br>            Defendants. | CV 02-1686-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Nurse Betty Lewis' Motion for Remittitur (Doc. #660). Nurse Lewis seeks a reduction in the punitive damages award against her from $2,000,000 to $540,000. Plaintiffs respond and argue that the Court cannot grant Nurse Lewis the relief she seeks because it would not affect the amount Plaintiffs will receive. Plaintiffs go on to state that Plaintiffs and Nurse Lewis have entered into a settlement agreement, Plaintiffs have been paid, and no order from the Court will change this result. Therefore, Plaintiffs conclude that any order the Court would issue would constitute an advisory opinion.

Nurse Lewis replies and does not contest these facts. However, she maintains that she has a due process right to have the punitive damages award against her considered and reduced. Specifically, she argues that <u>she</u> will have consequences from the Court's order, including her future ability to obtain employment and her future ability to obtain malpractice insurance. Nurse Lewis does not dispute, however, Plaintiffs' argument that any order of this

1  Court will not affect the outcome of the litigation between Plaintiffs and Nurse Lewis. *See*
2  Nurse Lewis' Reply (Doc. #727), footnote 1 and footnote 3.

3  Based on this state of the record, the Court agrees with Plaintiffs that any order this
4  Court would issue on the merits of whether the punitive damages assessed against Nurse
5  Lewis violated her due process rights would be an advisory opinion. As Plaintiffs note, the
6  Court of Appeals has held, "[w]here parties enter into a settlement that resolves all
7  outstanding disputes, we are unable to grant effective relief and the case becomes moot."
8  *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1174 (9th Cir. 2005) (J. Beezer
9  concurring).

10  The Court finds any disputes between Nurse Lewis and Plaintiffs to be moot as a
11  result of their settlement agreement. To the extent Nurse Lewis had further individual
12  interests in the case beyond those addressed by the settlement agreement, her rights to pursue
13  those interests would have had to have been preserved in the settlement agreement and they
14  were not.[1]

15  Finally, the Court is unpersuaded by Nurse Lewis' argument that the settlement
16  agreement is "illegal and void" on public policy grounds if the agreement precludes her from
17  asserting a due process challenge to the jury's punitive damages award. Any time parties
18  settle a case before trial, they wave a constitutional right to trial by jury; this fact does not
19  make all settlement agreements void on public policy grounds. In other words, the fact that
20  a settlement agreement settles away rights a party would otherwise have, even constitutional
21  rights, does not make the agreement void for public policy reasons. Moreover, Nurse Lewis
22  is not trying to void the agreement, which would be the remedy if the agreement violated
23  public policy; instead she is trying to challenge the collateral consequences of the agreement.
24  Thus, in addition to finding the settlement agreement is enforceable, the Court finds the
25  remedy Nurse Lewis seeks to be inappropriate even if the agreement was void.

---

[1] And, even to the extent a right to challenge an award was preserved in the settlement agreement, it would still have had to present an actual case or controversy before this Court.

- 2 -

1  Accordingly,

2  **IT IS ORDERED** that Nurse Lewis' Motion for Remittitur (Doc. #660) is denied.

3  DATED this 22nd day of November, 2006.

James A. Teilborg
United States District Judge